UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SANDRA L. LAMBERT,

    Plaintiff,

v.                                               Case No.  5:09-cv-172-Oc-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

Before the Court are plaintiff's counsel's Motion for Court Approval of plaintiff and plaintiff's counsel's April 9, 2009 and December 4, 2009 contingency fee contracts (Doc. 30) and the Commissioner's Motion to Stay ruling on plaintiff's counsel's Motion for Court Approval (Doc. 34).  Plaintiff's counsel asks the Court to approve a contingency contract between plaintiff and plaintiff's counsel which provides for a 42 U.S.C. § 406(b)(1) fee of twenty-five percent (25%) of plaintiff's past due benefits less any administrative 406(a) and E.A.J.A. fees paid or expected to be paid to plaintiff's counsel.  This calculates to a net award of $21,306.95 in attorney's fees, which equals twenty-five percent (25%) of plaintiff's $95,331.00 in past due benefits for the time period between October 2005 and June 2011 per the Social Security Administration's "Notice of Award" letter dated September 15, 2011, less the $2,525.80 previously paid by the Commissioner to plaintiff's counsel as an E.A.J.A. fee.

In its Motion to Stay, the Commissioner asserts that the Commissioner cannot adequately respond to plaintiff's request for § 406(b) fees because the final amount of plaintiff's past-due benefits has not been calculated.  On September 15, 2011, the

Social Security Administration informed plaintiff that $23,832.75 was being withheld from plaintiff's past due benefits for payment of attorney's fees.  This Notice of Award reflects plaintiff's disability insurance benefits under Title II.  (Doc. 30-1 at 1.)  Plaintiff's case is a concurrent case involving benefits under both Title II and Title XVI.  The final computations of the amount of Supplement Security Income ("SSI") benefits under Title XVI were not made until September 29, 2011.  The Commissioner therefore objects to plaintiff's attorney's motion because the final amount of past due benefits has not been determined.

The Court agrees that, because the final amount of plaintiff's past due benefits has not been determined, the September 15, 2011 Notice of Award does not reflect the final amount that will be withheld for payment of attorney's fees.  Many factors are considered in determining past due benefits, including the interaction between SSI benefits under Title XVI and disability insurance benefits under Title II.  The Court notes that, although there is a possibility that the final amount of plaintiff's past due benefits might increase, there is also a possibility that the final amount of past due benefits might decrease.  The Court therefore does not find it is appropriate to rule on plaintiff's counsel's motion for approval of the attorney's fees prematurely because granting the motion at this point could unfairly harm plaintiff if plaintiff's counsel is awarded more than 25% of the final past due benefits.  Pursuant to § 406(b), plaintiff's counsel is entitled to no more than 25% of the past due benefits owed to plaintiff.  Therefore, the Court will stay these proceedings until the final amount of past due benefits and withholdings has been calculated and a final Notice of Award is issued by the Social Security Administration.

      For the reasons above, the Commissioner's Motion to Stay (Doc. 34) is due to be GRANTED and plaintiff's Motion for Approval of the Contingency Fee Contract (Doc. 30) is due to be CARRIED pending a final calculation of past due benefits owed to plaintiff and the issuance of a final Notice of Award by the Social Security Administration.

      IT IS SO ORDERED.

      ORDERED and ADJUDGED in Ocala, Florida on this 28th day of November, 2011.

                                                THOMAS B. SMITH
                                                United States Magistrate Judge

Copies to all counsel.