UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SANDRA L. LAMBERT,

     Plaintiff,

v.                                                                          Case No.  5:09-cv-172-Oc-18GRJ

MICHAEL J. ASTRUE, Commissioner of Social
Security,

     Defendant.

_____/

ORDER

     Pending before the Court is Plaintiff's counsel's Motion for Approval of
Contingency Fee Contracts and Award of Attorney's Fees Pursuant to 42 U.S.C. §
406(b)(1) and the April 9, 2009 and December 4, 2009 contingency fee contracts.
(Doc. 30).  Upon consideration of the motion and the Commissioner's Notice of the
Parties' Consent (Doc. 48), the undersigned GRANTS Plaintiff's counsel's fee request.

I. Background

     On April 21, 2009, Plaintiff filed a complaint in federal court seeking judicial
review of a final decision of the Commissioner of the Social Security Administration.
(Doc. 1).  Plaintiff applied for disability insurance benefits and supplemental security
income on May 9, 2005, but was denied by an Administrative Law Judge ("ALJ") on
January 8, 2008.  (Id. ¶¶ 4-5). Plaintiff appealed the ALJ's decision and on March 9,
2009, the Appeals Council denied her request for review.  (Id. ¶ 6).  On April 9, 2009,
Plaintiff retained her current counsel Mr. N. Albert Bacharach, Jr.  (Doc. 30 at 2).   Mr.
Bacharach subsequently filed this action in federal court on behalf of Ms. Lambert.

The Commissioner filed an answer to the complaint on July 13, 2009.  (Doc. 12).

The Court entered a scheduling order in this case and on September 11, 2009, Plaintiff

filed her memorandum in opposition to the Commissioner's decision.  (Doc. 18).  On

November 3, 2009, the Commissioner moved to remand the case.  (Doc. 19).  The next

day, the Court granted the motion to remand the case back to the Commissioner for

further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and entered

judgment accordingly.[1]  (Docs. 20 & 21).  On January 22, 2010, the Court entered an

order granting Plaintiff $2,525.80 in attorney's fees pursuant to the Equal Access to

Justice Act ("EAJA").  (Doc. 29).

The  ALJ entered a fully favorable decision granting Plaintiff disability benefits

and on September 15, 2011, awarded her sixty-eight (68) months (October 2005 to

June 2011) of past due benefits in the amount of $95,331.00.  (Doc. 30-1 at 4).

Plaintiff's and counsel's contingency fee agreements provide for "a 406(b)(1) fee of 25

percent (25%) of Plaintiff's past due benefits less any administrative 406(a) and

E.A.J.A. fees paid to or expected by [counsel]."  (Doc. 30 at 1); see also (Doc. 30-2 at 1,

3).  Plaintiff's counsel now  seeks a net award in the amount of $21,306.95, which

equals twenty-five percent of Plaintiff's past due benefit of $95,331.00 minus the

$2,525.80 previously paid by the Commissioner to Plaintiff's counsel as an EAJA fee.

## II. Discussion

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or

her client upon remand from federal court may petition the Court for a fee not in excess

---

[1]On July 17, 2009, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 15).  Accordingly, the case was referred to a magistrate judge by an Order of Reference on July 21, 2009.  (Doc. 16).

of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. §

406(b)(1)(A).  In capping the fee at twenty-five percent, "Congress . . . sought to protect

claimants against 'inordinately large fees' and also to ensure that attorneys

representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"

Gisbrecht v. Barnhart, 535 U.S. 789, 806 (2002).  "Within the 25% boundary . . . the

attorney for the successful claimant must show that the fee sought is reasonable for the

services rendered."  Id. at 807.

Here, the reasonableness of the contingency fee is no longer in dispute.  The

parties ultimately agree that the contingency fee is reasonable compensation for the

services rendered to Plaintiff.  (Doc. 48 ¶ 2). Initially, the Commissioner objected to the

fee request and argued that the amount of past-due benefits listed in the Notice of

Award letter did not reflect a computation of supplemental security income benefits.

(Doc. 34 at 3-4).   The Commissioner also challenged the reasonableness of the

requested fee and argued that "Plaintiff's requested fee under 406(b) should . . . be

reduced by the $6,000 awarded under § 406(a), so that it will not exceed 25% of

Plaintiff's past due benefits." (Id. at 6).  On November 28, 2011, the undersigned

reserved ruling on Plaintiff's counsel's attorney's fees motion and directed that the case

be stayed pending a final calculation of the past due benefits owed Plaintiff and the

issuance of a final Notice of Award by the Social Security Administration. (Doc. 36 at 3).

On March 19, 2012, Plaintiff moved to lift the stay. [2]  (Doc. 38).

---

[2]Plaintiff initially filed her motion to lift the stay on March 2, 2012. See (Doc. 37).  The motion was subsequently amended on March 19, 2012.

Attached to Plaintiff's Amended Motion to Lift Stay was the "Notice of Change in Benefits," which detailed the final calculations of past due benefits.  (Doc. 38 at 2; Doc. 38-1).  In that motion, Plaintiff reiterated her fee request and denied any notion that her counsel had already been paid "a 406(a) fee in the amount of $6,000.00 (or any other amount)[.]" (Doc. 38 at 3).  On May 3, 2012, the Commissioner filed a response in which he again maintained that Plaintiff's counsel had already been awarded $6,000.00 in 406(a) fees and argued that the amount should be deducted from any final fee determination.  (Doc. 42).  On May 4, 2012, the undersigned granted Plaintiff's motion to lift the stay and gave the parties fourteen (14) days within which to advise the Court of whether they were able to resolve the disagreement over the $6,000.00 in 406(a) fees.  (Doc. 45).  In response, Plaintiff filed a Notice with the Court in which she stated that her counsel had not yet received the $6,000.00 fee.  (Doc. 46).  Also in response to the Court's order, Ms. Pamela Dunmore (the office manager at Plaintiff's counsel's law office) filed a declaration in which she confirmed that the $6,000.00 had not been paid to Mr. Bacharach.  (Doc. 47).

On May 18, 2012, the Commissioner filed a response to the Court's May 4th order and advised the Court that both parties to this action agree that the requested fee is reasonable and that "Plaintiff's attorney has not yet been paid the $6,000 that was awarded to him under 42 U.S.C. § 406(a)".  (Doc. 48 ¶¶ 2,5).  The Commissioner advised the Court that,

> [T]he parties agree that if the 406(a) fees are not yet paid by the Agency before this court awards 406(b) fees, the amount of past due benefits available to pay the requested net fee of $21,306.95 in 406(b) fees will not be impacted because the

> aggregate fees of 42 U.S.C. [§] 406 subsections (a) and (b)
> are capped at 25% of past due benefits.

(Id. ¶ 9) (emphasis in original).  There is nothing on the record that would lead the Court

to conclude that the Agency paid the 406(a) fee in between the time the

Commissioner's response was filed (May 18, 2012) and the date of this order.

### III. Conclusion

Upon consideration of the foregoing, it is hereby ORDERED that Plaintiff's

counsel's Motion for Approval of Contingency Fee Contracts and Award of Attorney's

Fees Pursuant to 42 U.S.C. § 406(b)(1) is GRANTED.

In the "Notice of Change in Benefits," the Social Security Administration detailed

the final calculations of Plaintiff's past due benefits and advised her that a sum of

$23,832.75 would be withheld for the payment of attorney's fees.  (Doc. 38-1 at 2).  For

the reasons outlined in section II, supra, the undersigned hereby approves section

406(b)(1) fees in the amount of $21,306.95, which equals twenty-five percent of

Plaintiff's past due benefit of $95,331.00 minus the $2,525.80 previously paid by the

Commissioner to Plaintiff's counsel as an EAJA fee. See Jackson v. Commissioner, 601

F.3d 1268, 1274 (11th Cir. 2010) (the amount of an earlier EAJA award may be

deducted from a subsequent fee award under section 406(b)(1)).  This sum shall be

paid out of Plaintiff's past-due benefits currently being withheld by the Social Security

Administration.   The Court finds that this award to Plaintiff's counsel also satisfies the

$6,000 in 406(a) fees that were previously awarded but not paid.

In addition, the $2,525.80 that has been deducted from the 406(b) award shall be

paid directly to Plaintiff.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on May 22, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel